

RECEIVED
IN LAFAYETTE, LA.

APR 0 8 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GLENN DUVAL** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **6:08-CV-0485   LAF** |
| | * | |
| **DEEP MARINE TECHNOLOGY, INC.** | * | **LAFAYETTE DIVISION** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### COMPLAINT FOR DAMAGES

The complaint of Glenn Duval, an individual of the full age of majority with respect represents:

1.

Jurisdiction exists in this Honorable Court pursuant to the provisions of 28 U.S.C.A 1333 and is brought pursuant to the general maritime law of the United States.

2.

This matter is identified as an admiralty or maritime claim in accordance with the provisions of Rule 9(h) of the Federal Rules of Civil Procedure.

3.

Made defendant herein is Deep Marine Technology, Incorporated  which was, at all times pertinent hereto, a foreign corporation authorized to do and doing business in the State of Louisiana with its principal business establishment in Louisiana located at 600 Jefferson, Suite 400, Lafayette, Louisiana.

4.

Venue is proper in this Honorable Court pursuant to the provisions of 28 U.S.C.A. 1391 (b)(2) and/or (b)(3).

5.

It is alleged that at all times pertinent hereto, Defendant, Deep Marine Technology, Incorporated  was the owner, owner *pro hoc vice,* operator and/or chartered of a certain vessel known as the M/V DMT EMERALD.

6.

It is alleged that at all times pertinent hereto, the M/V DMT EMERALD was in navigation and was located  upon the navigable waters of the United States off the coast of Louisiana in an area known as VK 826.

7.

On or about November 11, 2007, Glenn Duval was employed by Wood Group/Deepwater Specialists, Inc. as an Instrument Technician and was working in the course and scope of his employment and was injured during a personnel basket transfer being attempted from the M/V DMT EMERALD to a tension-leg platform known as the BHP NEPTUNE.

8.

As Glenn Duval was being transferred from the M/V DMT EMERALD to the BHP NEPTUNE via a collapsible eight man Billy Pugh basket, the basket was lifted and stopped for reasons unknown to Glenn Duval, immediately above the heliport deck; when the vessel heaved up and slammed violently against the bottom of the Billy Pugh basket on more than one occasion, knocking Glenn Duval and his fellow basket riders down, causing severe and disabling injuries to Glenn's mind and body including but not limited to his back, neck and right ankle.

9.

Glenn Duval alleges that a legal cause of the aforementioned accident and injuries was the negligence of the defendant and its employees including but not limited to that of the captain of the M/V DMT EMERALD and its crew.

10.

Because of said injuries, Glenn Duval has endured pain and suffering and mental anguish and will continue to so suffer and has sustained a loss of income and other employment related monies and benefits.

11.

Glenn Duval alleges, on information and belief, that he will in the future, because of said injuries and damages to his body and mind, endure pain and suffering and mental anguish as well as loss of income and other elements of damages, all of which entitles Glenn Duval to reasonable damages.

**WHEREFORE**, Glenn Duval prays that process in due form of law and according to the Federal Rules of Civil Procedure issue against Defendant, Deep Marine Technology,

Incorporated  directing it to appear and answer, all and singular, the matters aforesaid and that

after due proceedings have been had, there be judgment in favor of Glenn Duval and against

Defendant, Deep Marine Technology, Incorporated for reasonable damages, together with legal

interest from date of occurrence until paid and for all costs of these proceedings;

Glenn Duval further prays for all general and equitable relief which the justice of the

cause may require and to which he may otherwise be entitled and that all experts' fees be taxed

as costs.

Respectfully submitted,

LAW OFFICES OF JERRY G. SMITKO, APLC

Jerri G. Smitko (#17807)
Estelle E. Mahoney, T.A. (#08879)
622 Belanger Street
P.O. Box 1669
Houma, LA  70361
Telephone:  (985) 851-1313
Facsimile:  (985) 851-1250
E-mail:  Estelle@jerrismitko.com
Counsel for Glenn Duval

**PLEASE SERVE:**

**DEEP MARINE TECHNOLOGY IMCORPORATED**
through its agent for service of process:
F. Douglas Gatz, Jr.
Kraft, Gatz & Deuitt
600 Jefferson, Suite 410
Lafayette, LA 70501

# Law Offices of Jerri G. Smitko

**(A Professional Law Corporation)**

622 Belanger St.
P.O. Box 1669
Houma, LA 70361
(985) 851-1313 • Fax (985) 851-1250
jerri@jerrismitko.com
estelle@jerrismitko.com

Jerri G. Smitko, APLC
Estelle E. Mahoney, APLC
(Of counsel)

April 4, 2008

Robert H. Shemwell, U.S. Clerk
United States District Court
Western District of Louisiana
2100 John M. Shaw U. S. Courthouse
800 Lafayette Street
Lafayette, Louisiana 70501

**RECEIVED**

APR 0 8 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

> RE:   Glenn Duval
> vs.
> Deep Marine Technology, Inc.

Dear Mr. Shemwell:

Enclosed you will find the following:

1. Original and two (2) copies of Complaint for Damages;

2. One (1) Summons in a Civil Action form in duplicate to defendant, Deep Marine Technology, Inc.

3. A Civil Cover Sheet and a Financial & Civil Allotment Sheet; and

4. Our firm's check in the sum of $350.00 in payment of the filing fee.

After filing the Complaint into the record, please return to me the two (2) copies of same, stamped and conformed with the filing data, and the two (2) Summons in a Civil Action forms, signed and sealed. I am enclosing a self-addressed, stamped envelope for your convenience.

Thanking you in advance for your prompt attention and cooperation, I remain

With kind personal regards, I remain

Sincerely,

Estelle E. Mahoney

EEM/cp
Enclosures